UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLIFFORD LEON HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-CV-482 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This case has been brought by Plaintiff Clifford Leon Houston ("Mr. Houston") pursuant to 42 U.S.C. §§ 1983 and 1988 and the laws of the state of Tennessee, against the State of Tennessee; Robert E. Cooper, individually and in his official capacity as Attorney General and Reporter; Randy E. Nichols, individually and in his official capacity as Sixth Judicial District Attorney General; Kenneth F. Irvine, individually and in his official capacity as Sixth Judicial District Attorney General Pro Tem[1]; David G. Hayes, individually and in his official capacity as a retired judge; Mike Farmer, individually and in his official capacity as Former Roane County Chief Executive; Knox County, Tennessee; and Roane County, Tennessee (collectively, "Defendants") (Court File No. 2).[2] As a result of Mr. Houston's complaint, all of the Defendants, except Knox County, Tennessee, have filed motions to dismiss Mr. Houston's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (*See* Court File Nos. 8, 18). Mr. Houston has failed

---

[1]Also referred to as Assistant District Attorney (Court File No. 9 at 6).

[2]Although Mr. Houston did not explicitly state whether he was bringing suit against the individual Defendants in their official and individual capacities, because the Court is construing his complaint liberally, it will treat his claims as such.

to timely respond to these motions. Nonetheless, the Court has considered the serious allegations contained in Mr. Houston's complaint, and the Court has taken into account the fact Mr. Houston has brought this suit without the benefit of legal counsel. While the Court has given every legal and appropriate consideration to Mr. Houston's claims, for the reasons expressed below, the Court will **GRANT** the motions to dismiss (Court File Nos. 8, 18).

I.   **FACTUAL BACKGROUND**

Mr. Houston brings this action against Defendants on the grounds Defendants violated his rights guaranteed by the United States Constitution and the laws of the State of Tennessee (Court File No. 2). Mr. Houston's claims arise out of his prosecution for murder, of which Mr. Houston was eventually acquitted. All facts are taken from Mr. Houston's complaint and the accompanying documents (*id.*).

In June 2006, District Attorney General J. Scott McCluen ("McCluen") obtained an indictment against Mr. Houston and another individual for two counts of first degree murder and one count of felony murder (*id.*). A few days later, McCluen filed a notice of intent to seek the death penalty against Mr. Houston. On August 1, 2007, the indictment was dismissed by Judge James B. Scott (*id.*). However, on October 15, 2007, Mr. Houston was again indicted on these same charges by Robert Radford, District Attorney Pro Tem (*id*).

As a result, Mr. Houston was unsuccessfully tried on November 2, 2009 before Defendant David Hayes (or "Judge Hayes") in Roane County, Tennessee. The case was prosecuted by Defendant Kenneth Irvine who was substituted for Robert Radford (*id.*). A jury found Mr. Houston not guilty of all charges (*id.*).

2

Now Mr. Houston brings suit in this Court against Defendants. In his complaint, Mr. Houston alleges Defendants conspired to deprive him of equal protection and due process under the law (*id.*). Specifically, Mr. Houston contends each Defendant failed to exercise his duty and ability to prevent the wrongs committed against him. He states Defendants "recklessly, and with a deliberate indifference . . . failed [and/or] refused to instruct, supervise, control, monitor [and/or] discipline . . ." their codefendants. As a result, Mr. Houston asserts causes of actions for malicious prosecution, false arrest, and false imprisonment, in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He also asserts claims for relief for loss of wages, loss of consortium, and emotional distress (*id.*).

In his complaint, Mr. Houston does not plead facts which establish what role Defendants State of Tennessee, Robert Cooper, Randy Nichols, Mike Farmer, or Knox County, Tennessee played in the alleged conspiracy. The Court can only surmise that Mr. Houston believes these Defendants were in a position to prevent his state criminal prosecution.

**II.    STANDARD OF REVIEW**

Defendants now move this Court to dismiss Mr. Houston's complaint for failure to state a claim for relief (*see* Court File Nos. 8, 18). Rule 12(b)(6) of the Federal Rules of Civil Procedure "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Under Rule 12(b)(6), however, the Court must construe the complaint in light most favorable to Mr. Houston and determine whether he has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 272, 277 (6th Cir. 2010) (referencing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, "to survive [Defendants's motions to dismiss], 'factual allegations contained in [Mr. Houston's] complaint must raise a right to relief above the speculative level." *Zibbell v. Mich. Dep't of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must contain "factual content that allows the court to draw the reasonable inference that the [defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing Fed. R. Civ. P. 8(a)(2)).

Bare assertions of legal conclusions are insufficient, and the pleading must contain "inferential allegations" regarding the material elements of the claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Nonetheless, because Mr. Houston represents himself *pro se*, the Court will construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, and David Hayes argue this case should be dismissed because (1) this Court should abstain from hearing this case pursuant to the *Younger* abstention doctrine; (2) suit against the State of Tennessee and some of Defendants is barred by the Eleventh Amendment; (3) Mr. Houston's lawsuit is time-barred by the applicable statutes of limitations; (4) the doctrine of judicial immunity bars all claims against Defendant David Hayes; (5) the doctrine of prosecutorial immunity bars all claims against Defendants Robert Cooper, Randy Nichols and Kenneth Irvine; (6) Mr. Houston failed to state a

claim against Defendants Robert Cooper and Randy Nichols; (7) the allegations regarding a conspiracy are "conclusory and fail to state a claim"; (8) the state officials are also immune under the Tennessee Constitution; and (9) these Defendants are immune to any state law claims asserted (Court File No. 9). Defendants Mike Farmer and Roane County, Tennessee argue this case should be dismissed on the grounds (1) Mr. Houston failed to state a claim upon which relief can be granted; (2) Mr. Houston's claims are time-barred; and (3) the Defendants are immune (Court File No. 19). While the Court does not find it necessary to address all of Defendants's arguments, the Court will address the most pertinent arguments in turn.

    **A.    Abstention**

In the accompanying memorandum to the first motion to dismiss, some of Defendants argue this Court should dismiss Mr. Houston's complaint in its entirety based on the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971) (Court File No. 9). As cause, Defendants argue Mr. Houston filed a substantially similar lawsuit in the Circuit Court of Roane County, Tennessee, and they have provided a copy of Mr. Houston's state court complaint and accompanying documents to the Court (Court File No. 8-1).

Typically, where a motion under Rule 12(b)(6) relies on matters outside the pleadings, the Court must exclude such matters or treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. p. 12(d). However, because the Court finds the *Younger* abstention does not apply to this case even if Defendants's contentions are true, conversion is not necessary.

"The *Younger* abstention doctrine counsels a federal court to refrain from adjudicating a matter that is properly before it in deference to ongoing state criminal proceedings." *Exec. Arts*

5

*Studio, Inc. V. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004). Although the "doctrine has been extended to include certain civil enforcement proceedings and civil proceedings uniquely involving the ability of state courts to perform their judicial functions," the rule should only be invoked in "exceptional circumstances." *Id.* Because this civil proceeding is not one involving a "state administrative or judicial enforcement action," this Court finds Defendants's arguments to be misguided. *Id.*

### B. Dismissal of Claims under 42 U.S.C. § 1983

Some of Defendants also argue all of the claims brought by Mr. Houston pursuant to 42 U.S.C. § 1983 should be dismissed (Court File Nos. 9, 19). In his complaint, Mr. Houston seems to allege all Defendants, in their individual and official capacities, violated his rights under § 1983 by failing to "instruct, supervise, control, monitor, [and/or] discipline" others in their official duties (Court File No. 2). Mr. Houston also alleges Defendants violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights through the malicious prosecution, false arrest, and false imprisonment of Mr. Houston. Here, the Court finds Mr. Houston's claims under § 1983 should be **DISMISSED** in favor of Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, David Hayes, Mike Farmer, and Roane County, Tennessee.

#### 1. Eleventh Amendment[3]

---

[3]Although Defendants move this Court to dismiss Mr. Houston's claims pursuant to Fed. R. Civ. P. 12(b)(6), some of them also assert sovereign immunity, which deprives the Court of subject matter jurisdiction over some of Mr. Houston's claims. Subject matter jurisdiction is the "authority [of a court] to adjudicate [or issue a judgment on] the type of controversy involved in the action." RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982). In other words, there are certain types of cases this Court cannot hear. Accordingly, the Court will consider Defendants's arguments regarding Eleventh Amendment immunity to be brought pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Therefore, Defendants bear the burden of proving they are entitled to immunity in this suit. *See e.g., Gragg v. Ky. Cabinet for Workforce Dev.,* 289 F.3d 958, 963 (6th

First, Defendants argue some of Mr. Houston's claims cannot stand due to the Eleventh Amendment immunity. The Eleventh Amendment provides, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. More important in this case, the Eleventh Amendment also bars actions brought by a citizen of a state against his own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). In addition, the Eleventh Amendment bars § 1983 suits against state officials sued in their official capacities for damages. *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009).

Nonetheless, even if the Eleventh Amendment did not apply in this case, Mr. Houston does not state a cognizable claim against the state of Tennessee, or against Defendants Robert Cooper, Randy Nichols, Kenneth Irvine, and David Hayes in their official capacities. In order to establish liability under § 1983, Mr. Houston must show: (1) he was "deprived of a right secured by the Constitution [or] laws of the United States," and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Here, the state of Tennessee is not amenable to suit under § 1983 because it is not a "person" as defined by the law. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, because suing a state officer in his official capacity for damages is equivalent to suing the state of Tennessee itself, Defendants Robert Cooper, as Attorney General, Randy Nichols, as District Attorney General, Kenneth Irvine, as Assistant District Attorney, and David Hayes, as former judge, are immune from suit as well in this Court to the extent they are being sued in their official capacities. *Id.*; *McCormick v. Braverman*, 451 F.3d 382, 399 n. 16 (6th Cir. 2002).

Cir. 2006). Accordingly, all claims brought under § 1983 against Defendant State of Tennessee and the above-mentioned Defendants in their official capacities will be **DISMISSED**.

## 2. Prosecutorial Immunity

Mr. Houston also brings suit under § 1983 against Defendants Robert Cooper, Randy Nichols, and Kenneth Irvine in their individual capacities. "Prosecutorial immunity extends to those activities that occur in the prosecutor's role as an advocate for the government." *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). Therefore, a prosecutor is entitled to absolute immunity from suit under § 1983 when he or she acts within the scope of his prosecutorial duties. *Skinner v. Govorchin*, 463 F.3d 518, 524-25 (6th Cir. 2006). This means a prosecutor is immune from suit based on his decision to prosecute a case, regardless of the prosecutor's motives, unless the decision to prosecute was based upon "an unjustifiable standard, such as race, religion, or other arbitrary classifications." *See Wayte v. United States*, 470 U.S. 598, 608 (1985); *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Here, Mr. Houston was criminally prosecuted by Defendant Kenneth Irvine. Although he has not established how Defendants Robert Cooper and Randy Nichols were involved in his case, the Court assumes both Defendants may have exercised supervisory roles in their capacities as Attorney General and District Attorney General. Nonetheless, Mr. Houston has not alleged that either Defendants Robert Cooper, Randy Nichols, or Kenneth Irvine prosecuted Mr. Houston, or caused Mr. Houston to be prosecuted, due to his race, religion, or any other arbitrary classification. Indeed, Mr. Houston has not pleaded any facts to show any motive, positive or negative. Accordingly, all claims pursuant to § 1983 brought against Defendants Robert Cooper, Randy Nichols, and Kenneth Irvine, as individuals, will be **DISMISSED.**

### 3. Judicial Immunity

In regards to the § 1983 claims against Defendant David Hayes, judges generally have absolute judicial immunity from civil suits, including cases brought under § 1983 for monetary damages, arising out of the performance of judicial duties. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (referencing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). A judge does not forfeit his immunity even if he took an action in error or maliciously. *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Rather, a judge may be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, the only specific allegation against Defendant David Hayes is that he failed to monitor or supervise his co-defendants. However, as Defendants assert in their motion, Defendant Hayes had a duty to "remain impartial" as he presided over Mr. Houston's case (Court File No. 9 at 11). Absent any evidence showing Defendant David Hayes acted in clear absence of jurisdiction during Mr. Houston's prosecution, the Court finds the doctrine of judicial immunity bars Mr. Houston's suit against Defendant David Hayes, and all claims against him pursuant to § 1983 will be **DISMISSED**.

### 4. Municipal Liability

Mr. Houston next brings suit against Defendant Roane County, Tennessee (Court File No. 2). In order for Mr. Houston to prevail on his § 1983 suit against this Defendant, he must "identify an unconstitutional policy or custom" employed by the county which led to his injuries. *Cady*, 574 F.3d at 344. Indeed, "municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an 'implementation of [the municipality's] official policies or

established customs.'" *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J. concurring)). Nonetheless, a "single act by a 'decisionmaker possessing final authority to establish municipal policy with respect to the action ordered' may suffice in demonstrating that policy or custom." *Cady*, 574 F.3d at 344. (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986)).

Construing Mr. Houston's complaint liberally, he seems to allege Defendant Roane County, Tennessee employed an unconstitutional policy by "recklessly or with a deliberate disregard . . . fail[ing] [and/or] refus[ing] to instruct, supervise, control, monitor, or discipline on a [continuing] basis defendants: State of Tennessee, Robert E. Cooper, Randy E. Nichols, Kenneth F. Irvine, [and] David G. Hayes," as well as the other county-defendant (Court File No. 2 at 10, 11).

To survive the motion to dismiss, however, Mr. Houston must show Defendant Roane County, Tennessee was the "moving force" behind his injuries and that it had final decisionmaking authority with regards to his criminal prosecution. *Shorts v. Bartholomew*, 255 F. App'x 46, 56 (6th Cir. 2007). In other words, Mr. Houston must show a "direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 56. Here, Mr. Houston has not demonstrated that either county had "final policymaking authority" over the other codefendants alleged to be liable or over the prosecution leading to Mr. Houston's alleged civil rights violations. *Id.* There is no evidence of a duty at all. Accordingly, all claims brought pursuant to § 1983 against Defendant Roane County, Tennessee will be **DISMISSED**.

### 5. Failure to State a Claim

Finally, Mr. Houston brings suit against Defendant Mike Farmer, as former Roane County Chief Executive (Court File No. 2). To state a § 1983 claim, Mr. Houston must allege sufficient

facts that, if true, would establish Defendants deprived him of a federal right while acting under color of law. *Kottymyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The deprivation must have occurred without due process of law. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006).

In his complaint, Mr. Houston does not allege any facts to show how Defendant Mike Farmer was involved in his criminal case. Because the Court finds Mr. Houston has failed to state a claim against Defendant Mike Farmer in his individual and official capacities , all § 1983 claims against him will be **DISMISSED.**

    **6. Conspiracy**

Mr. Houston alleges all Defendants conspired to interfere with his civil rights (Court File No. 2). "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). While each conspirator did not have to have knowledge of all of the details of the plan or every single participant, Mr. Houston must show there was "a single plan . . . and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* at 944. Mr. Houston must plead his conspiracy claims "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, No. 09-2196, 2010 WL 4721141, at *10 (6th Cir. November 12, 2010). Here, there are no facts to show Defendants were involved in a "single plan" to deprive Mr. Houston of his civil rights, nor is there any evidence of an agreement between any of the parties to engage in an unlawful action. Therefore, to the extent Mr. Houston has a remaining and viable cause of action for conspiracy pursuant to § 1983 against Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, David

Hayes, Mike Farmer, and Roane County, this claim will be **DISMISSED** against those Defendants.

### 7. Statute of Limitations

Although the Court does not find it necessary to address this issue, Defendants also argue Mr. Houston's § 1983 claims are time-barred (Court File No. 9). Mr. Houston's complaint was filed in this Court on November 12, 2010 (Court File No. 2). He was indicted for murder on October 15, 2007. On November 2, 2009, Mr. Houston's trial commenced, and a jury verdict was returned on November 12, 2009 (*id.*).

Section 1983 does not contain a statute of limitations. "Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, the [C]ourt is required to apply the most closely analogous statute of limitations provided under the laws of the State of Tennessee." *Thomas v. Bivens*, No. 3:09-CV-62, 2011 WL 32207, at *8 (E.D. Tenn. Jan. 5, 2011) (referencing *Wilson v. Garcia*, 471 U.S. 261 (1984)). "In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 788 (6th Cir. 2010) (citing Tenn. Code Ann. § 28-3-104(a)(3)). Accordingly, the statute of limitations for Mr. Houston's false arrest and false imprisonment began to run at the latest on October 15, 2007, and are therefore time-barred. However, the tort of malicious prosecution does not accrue until a final adjudication in Plaintiff's favor, which took place on November 12, 2009. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 63, 638 (6th Cir. 2007). Mr. Houston filed his complaint exactly one-year later. Therefore, his claim for malicious prosecution would not have been time-barred. Nonetheless, the Court finds this claim should be dismissed for the reasons stated above.

### C. Dismissal of State Law Claims

Mr. Houston also asserts state law claims against all Defendants. Under 28 U.S.C. § 1367(c)(3), a court has discretion to dismiss claims supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. However, because Mr. Houston's § 1983 claims have not been dismissed as to Defendant Knox County, Tennessee, the Court cannot dismiss the remaining state law claims on these grounds. Nonetheless, for the reasons stated below, Mr. Houston's state law claims against Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, David Hayes, Mike Farmer, and Roane County, Tennessee will be **DISMISSED**.

        **1.**        **Sovereign Immunity**

Defendant State of Tennessee and Defendants Robert Cooper, Randy Nichols, Kenneth Irvine, David Hayes, in their official capacities, and Defendant Roane County, Tennessee are immune from suit brought pursuant to Mr. Houston's state law claims. Article 1, section 17 of the Tennessee Constitution provides "suits may be brought against the State [of Tennessee] in such manner and in such courts as the Legislature may by law direct." "This section has long been interpreted as embodying the doctrine of sovereign immunity, under which no suit may be maintained against the State 'absent express authorization from the Legislature.'" *Williams v. Nicely*, 230 S.W.3d 385, 388 (Tenn. Ct. App. 2007) (citing *Spencer v. Cardwell*, 937 S.W.2d 422, 423 (Tenn. Ct. App. 1996)). In addition, filing suit against state officials is a kin to filing suit against the State of Tennessee itself. *See Cox v. State*, 399 S.W.2d 776 (Tenn. 1965). Therefore, Defendants Robert Cooper, Randy Nichols, Kenneth Irvine, and David Hayes are entitled to the same immunity as the state. Finally, Roane County, Tennessee is a government entity as well, and under Tennessee law, it is also entitled to immunity. *Linam v. Hamilton County Gov't*, No. 1:08-

CV-106, 2009 WL 5196593, at *8 (E.D. Tenn. December 22, 2009).

However, the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code. Ann. §§ 29-20-1010 to 408 "waive[s] select portions of the absolute sovereign immunity enjoyed by governmental entities." *Bettis v. Pearson*, No. 1:04-CV-112, 2007 WL 2426404, at *11 (E.D. Tenn. August 21, 2007). Under Tenn. Code. Ann. § 29-20-205, immunity is retained for claims for false imprisonment, false arrest, or malicious prosecution. Immunity is also retained where a plaintiff's claims arise out of an alleged violation of civil rights. Tenn. Code Ann. 29-20-205(2). Here, it is clear Mr. Houston's injuries arise out of an alleged violation of his civil rights. Therefore, to the extent Mr. Houston asserts state law claims for false arrest, false imprisonment, malicious prosecution, and to the extent Mr. Houston alleges he has suffered from emotional distress, loss of wages, and loss of consortium arising out of any civil rights violations, the Court will **DISMISS** these claims against Defendant State of Tennessee and Defendants Robert Cooper, Randy Nichols, Kenneth Irvine, and David Hayes in their official capacities, and Defendant Roane County, Tennessee.

### 2. Judicial Immunity

The Court finds Defendant David Hayes is immune from civil liability for all Mr. Houston's state law claims in his individual capacity as well. "A judge is immune for civil liability for bona fide acts done in the exercise of his judicial function while acting within the limits of his jurisdiction." *Harris v. Witt*, 552 S.W.2d 85, 85 (Tenn. 1977). Because Mr. Houston does not allege Defendant David Hayes violated his rights while acting outside of his judicial capacity, all state law claims against Defendant David Hayes as an individual will be **DISMISSED** as well.

### 3. Prosecutorial Immunity

Tennessee courts have found that the "same absolute immunity under § 1983 that the prosecutor enjoys" should be applied in common law actions. *Willett v. Ford*, 603 S.W. 2d 143, 147 (Tenn. App. 1979). Therefore, Defendants Robert Cooper, Randy Nichols, and Kenneth Irvine are immune from suit in their individual capacities to the extent Mr. Houston brings claims for false arrest/imprisonment and malicious prosecution. *Id.* These claims will be **DISMISSED** against those Defendants**.**

### 4. Failure to State a Claim

Finally, for the reasons stated above, the Court finds Mr. Houston has failed to state a claim for relief against Defendant Mike Farmer. Mr. Houston has not plead facts which show Defendant Mike Farmer was involved in Mr. Houston's prosecution or that he had any control over the individuals involved in the prosecution or that he could have prevented it. Therefore, all state law claims against Defendant Mike Farmer will be **DISMISSED.**

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, and David Hayes's motion to dismiss (Court File No. 8). The Court will also **GRANT** Defendants Roane County, Tennessee and Mike Farmer's motion to dismiss (Court File No. 18). All claims against these Defendants will be **DISMISSED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**