UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CLIFFORD LEON HOUSTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-CV-482 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| STATE OF TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is Defendant Knox County, Tennessee's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Court File No. 28). Plaintiff Clifford Leon Houston failed to file a timely response to Defendant's motion. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 28).

### I. FACTUAL BACKGROUND

Mr. Houston brought this action against Defendants State of Tennessee, Robert Cooper, Randy Nichols, Kenneth Irvine, David Hayes, Mike Farmer, Roane County, and Knox County on the grounds Defendants violated his rights guaranteed by the United States Constitution and the laws of the State of Tennessee (Court File No. 2). Mr. Houston's claims arise out of his prosecution for murder, of which Mr. Houston was eventually acquitted. All facts are taken from Mr. Houston's complaint and the accompanying documents (*id.*).

In June 2006, District Attorney General J. Scott McCluen ("McCluen") obtained an indictment against Mr. Houston and another individual for two counts of first degree murder and one count of felony murder (*id.*). A few days later, McCluen filed a notice of intent to seek the death

penalty against Mr. Houston. On August 1, 2007, the indictment was dismissed by Judge James B. Scott (*id.*). However, on October 15, 2007, Mr. Houston was again indicted on these same charges by Robert Radford, District Attorney Pro Tem (*id*).

As a result, Mr. Houston was tried on November 2, 2009 before Defendant David Hayes (or "Judge Hayes") in Roane County, Tennessee. The case was prosecuted by Defendant Kenneth Irvine who substituted for Robert Radford (*id*.). A jury found Mr. Houston not guilty of all charges (*id*.).

Following his acquittal, Mr. Houston brought suit against Defendants. In his complaint, Mr. Houston alleges Defendants conspired to deprive him of equal protection and due process under the law (*id*.). Specifically, Mr. Houston contends each Defendant failed to exercise his duty and ability to prevent the wrongs committed against him. He states Defendants "recklessly, and with a deliberate indifference . . . failed [and/or] refused to instruct, supervise, control, monitor [and/or] discipline . . ." their codefendants. As a result, Mr. Houston asserts causes of actions for malicious prosecution, false arrest, and false imprisonment, in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He also asserts claims for relief for loss of wages, loss of consortium, and emotional distress (*id*.).

This Court has already granted motions to dismiss filed by all Defendants except Knox County, Tennessee (Court File No. 27). Now before the Court is a motion to dismiss filed by Defendant Knox County, Tennessee (Court File No. 28). In his complaint, Mr. Houston does not plead facts which establish what role Knox County played in the alleged conspiracy. The Court can only surmise that Mr. Houston believes this Defendant was in a position to prevent his state criminal prosecution. Specifically, Mr. Houston seems to assert a claim for municipal liability and

conspiracy against Defendant Knox County in violation of 42 U.S.C. § 1983.[1]  In addition, Mr. Houston seems to allege violations of state law for malicious prosecution and conspiracy.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Under Rule 12(b)(6), however, the Court must construe the complaint in a light most favorable to Mr. Houston and determine whether he has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 272, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "to survive [a motion to dismiss], 'factual allegations contained in [Mr. Houston's] complaint must raise a right to relief above the speculative level." *Zibbell v. Mich. Dep't of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must contain "factual content that allows the court to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing Fed. R. Civ. P. 8(a)(2)).

Bare assertions of legal conclusions are insufficient, and the pleading must contain "inferential allegations" regarding the material elements of the claim. *Scheid v. Fanny Farmer*

---

[1] Mr. Houston also brings suit pursuant to 42 U.S.C. § 1988, presumably for attorney's fees.

3

*Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  Nonetheless, because Mr. Houston represents himself *pro se*, the Court will construe his complaint liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.    DISCUSSION

#### A.    42 U.S.C. § 1983

In order for Mr. Houston to prevail on his § 1983 suit against Defendant Knox County, he must "identify an unconstitutional policy or custom" employed by the county which led to his injuries.  *Cady*, 574 F.3d at 344.  Indeed, "municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an 'implementation of [the municipality's] official policies or established customs.'" *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J. concurring)). Nonetheless, a "single act by a 'decisionmaker possessing final authority to establish municipal policy with respect to the action ordered' may suffice in demonstrating that policy or custom." *Cady*, 574 F.3d at 344. (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986)).  In order for Mr. Houston to prevail on his claim of conspiracy, he must plead his conspiracy claims "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim."  *Hamilton v. City of Romulus*, No. 09-2196, 2010 WL 4721141, at *10 (6th Cir. November 12, 2010).

Construing Mr. Houston's complaint liberally, he fails to make any specific allegations as to Defendant Knox County, Tennessee.  In addition, Mr. Houston has not demonstrated that Knox County had "final policymaking authority" over the other codefendants alleged to be liable or over

4

the prosecution leading to Mr. Houston's alleged civil rights violations. *Id.* There is no evidence of a duty at all. In addition, there are no facts to show Defendant Knox County, Tennessee was involved in a "single plan" to deprive Mr. Houston of his civil rights, nor is there any evidence of an agreement between any of the parties to engage in an unlawful action. Accordingly, all claims brought pursuant to § 1983 against Defendant Knox County, Tennessee will be **DISMISSED**.

### B. Dismissal of State Law Claims

Mr. Houston also asserts state law claims against all Defendants. Under 28 U.S.C. § 1367(c)(3), a court has discretion to dismiss claims supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Because Mr. Houston's § 1983 claims will be dismissed as to Defendant Knox County, Tennessee, the Court declines to exercise supplemental jurisdiction over Mr. Houston's state law claims, and will **DISMISS** them.

### IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant Knox County's motion to dismiss (Court File No. 28). All claims against Defendant Knox County will be **DISMISSED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**